IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES A. WEBRE, an individual, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | Case No._____ |
| ) | |
| ECS FEDERAL, LLC, a Delaware ) | |
| Limited Liability Company, ) | |
| ) | |
| DEFENDANT. ) | |

## COMPLAINT

Plaintiff, James A. Webre ("Plaintiff"), for his Complaint against Defendant, ECS Federal, LLC ("Defendant"), alleges and states as follows:

## PARTIES

1. Plaintiff is a resident of Oklahoma County, Oklahoma.

2. Defendant is a Limited Liability Company formed under the laws of the State of Delaware with a principal place of business located in Fairfax, Virginia.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 USCS § 1331, because this case arises under federal law,

1

specifically the antiretaliation provisions of the National Defense Authorization Act found at 41 U.S.C. § 4712, which provides whistleblower protections for employees of federal contractors, subcontractors, grantees, and subgrantees.

4. This Court has personal jurisdiction over Defendant because Defendant provides services as a federal contractor to the United States Postal Service (USPS) in Norman, Oklahoma.

5. Venue is proper in this District pursuant to 28 U.S.C. 1391(b), because the events giving rise to the claims occurred within the Western District of Oklahoma, and the Defendant conducts business within this District.

6. Pursuant to 41 U.S.C. § 4712(b)(1), Plaintiff has exhausted his administrative remedies; he filed a complaint with the United States Postal Service Office of Inspector General on or about May 22, 2025, and on May 23, 2025, the United States Postal Service Office of Inspector General advised Plaintiff that it was declining to investigate his complaint. *See* 41 U.S.C. § 4712(c)(2).

## STATEMENT OF FACTS

7.  At all relevant times, Plaintiff was employed by Defendant as a Field Service Engineer, which included the following duties and responsibilities:

   a. Deliver Tier III technical support to USPS National Service Technicians on the Biohazard Detection System ("BDS") as a Subject Matter Expert, ensuring system reliability under regulatory conditions;

   b. Deliver maintenance and support of Workstation and Server Software and Hardware used by the BDS System;

   c. Develop and deliver Knowledge Base articles to assist in diagnosing and resolving technical issues with BDS Servers, contributing to system uptime and supporting asset lifecycle management;

   d. Update and maintain Service Tickets in the Service Now Ticketing system to track daily support efforts and ensure adherence to technical controls; and

e. Assist vendor (Northrop Grumman) with performing Database Recovery on BDS Servers, demonstrating effective troubleshooting and recovery processes during critical system outages.

8. Defendant is a federal contractor that provides Information Technology services, field support, and technical solutions services to the federal government, including the United States Postal Service's Maintenance Technical Support Center ("MTSC") located in Norman, Oklahoma.

9. As part of Plaintiff's job duties as a Field Service Engineer for Defendant, Plaintiff had administrative password access to United States Postal Service MTSC systems supported by Defendant.

10. One such system for which Plaintiff provided support was the MTSC's Biohazard Detection System ("BDS"), designed to detect anthrax in the mail to ensure the safety of postal employees and customers.

11. On or about May 20, 2025, Plaintiff was working on site at the MTSC with his Team Leader, Jenny Jacobi ("Jacobi"), and a USPS employee located in Washington, DC to troubleshoot issues with the BDS at MTSC.

12. Jacobi is a Maintenance Engineering Analyst with the United States Postal Service with authority to investigate, discover, or address misconduct.

13. During the May 20th troubleshooting session on the BDS, Jacobi instructed Plaintiff to provide the USPS employee with Plaintiff's administrative level password to expedite the services being provided.

14. The USPS employee was not authorized to receive Plaintiff's administrative-level password to the BDS system, and providing Plaintiff's administrative-level password to the employee would have improperly allowed that employee access to numerous systems and databases.

15. The USPS policies and procedures made it unlawful and/or a violation of Plaintiff's duties and responsibilities to disclose the administrative-level password to an unauthorized individual.

16. For example, the USPS prohibits the sharing of passwords with anyone other than an authorized user, and such policy is reflected in the USPS' promulgated Official Handbook AS-805, which is its Handbook on Information Security and contains restrictions on the use and sharing of passwords such as Plaintiff's.

17. Plaintiff had also received training on numerous occasions from Defendant forbidding him from sharing the administrative-level password with any unauthorized user.

18. Jacobi's order to Plaintiff to provide the administrative-level password to an unauthorized USPS employee was an unlawful and illegal directive in violation of federal law, regulations, and rules related to the federal contract.

19. Based on training provided to him by ECS, Plaintiff reasonably believed that disclosing the administrative password to an unauthorized individual would violate federal information security laws, regulations, and rules related to the federal contract.

20. Faced with a "Hobson's choice," Plaintiff refused Jacobi's order to provide the administrative-level password to the USPS employee located in Washington, DC.

21. Upon Plaintiff's refusal to provide the administrative-level password to an unauthorized individual, Jacobi demanded that Plaintiff go to the atrium of the MTSC and berated him for refusing to comply with her directive.

22. Later that same day (May 20, 2025), Plaintiff was orally counseled and disciplined by two supervisors, USPS Manager Chris Harris and ECS Supervisor Mark Wyman, with both of them directing that Plaintiff do whatever is asked of him by Jacobi, no questions asked.

23. On May 22, 2025, Plaintiff was summoned to a meeting with his supervisors: USPS Senior Director Brian Watts, ECS Supervisor Mark Wyman, and ECS Manager Randy Eacret (the "May 22nd Meeting").

24. At the May 22nd Meeting, Plaintiff was advised that his employment was being terminated for insubordination, not being a team player, and a failure to follow directions.

25. The actual reason for Plaintiff's termination was his protected conduct, i.e., his refusal to follow Jacobi's unlawful directive to disclose the administrative password to an unauthorized government employee.

## CLAIMS FOR RELIEF

## Count I - Violation of Whistleblower Protection
## 41 U.S.C. § 4712

26. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 25 as if fully set forth herein.

27. Plaintiff was an employee of Defendant, a federal contractor, subcontractor, grantee, subgrantee, or personal services contractor.

28. Defendant is a federal contractor, subcontractor, grantee, subgrantee, or personal services contractor as defined by 41 U.S.C. § 4712.

29. Plaintiff engaged in protected activity under 41 U.S.C. § 4712 by refusing to disclose the administrative password to an unauthorized government employee.

30. Jacobi's directive to Plaintiff to disclose the administrative password to an unauthorized individual constituted an abuse of authority relating to a Federal contract or grant.

31. Plaintiff reasonably believed that disclosing the administrative password to an unauthorized individual potentially presented a substantial and specific danger to public health or safety.

32. Plaintiff reasonably believed that disclosing the administrative password to an unauthorized individual violated federal laws, rules, or regulations related to a federal contract, including information security requirements.

33. Based on training provided to Plaintiff by Defendant, along with various publications and guidance promulgated by the USPS, including Official Handbook AS-805 on Information Security, Plaintiff would have violated his obligations and federal law, regulations, and policies by disclosing the administrative password to an unauthorized individual.

34. USPS Handbook AS-805 on Information Security forbids a USPS employee or agent from disclosing a security password to an unauthorized user.

35. Plaintiff suffered an adverse employment action when Defendant terminated his employment.

36. Plaintiff's protected activity was a contributing factor in Defendant's decision to terminate his employment.

37. The temporal proximity between Plaintiff's refusal to disclose the password and his termination supports the inference that his protected activity was a contributing factor in the adverse employment action.

**Count II - Wrongful Termination in Violation of Public Policy**

38. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 37 as if fully set forth herein.

39. An employment relationship existed between Plaintiff and Defendant.

40. Defendant terminated Plaintiff's employment.

41. Plaintiff's termination violated a clear mandate of public policy.

42. There is a strong public policy interest in maintaining the security of information systems, particularly those connected to government contracts and operations.

43. Plaintiff's refusal to disclose the administrative password to an unauthorized government employee was in furtherance of this important public policy.

44. Had Plaintiff provided the administrative password to an unauthorized employee, it would have caused significant injury to the USPS and would have required numerous USPS facilities across the country to take mitigating actions to address the disclosure of this administrative level password.

45. A causal connection exists between Plaintiff's refusal to violate public policy and his termination.

46. Plaintiff was terminated shortly after refusing to disclose the administrative password to an unauthorized government employee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and award the following relief:

A.   Compensatory damages for lost wages, including back pay, front pay, lost benefits, special damages for emotional distress, and other economic losses in an amount to be determined at trial.

B.   Reinstatement to the position Plaintiff would have held but for the unlawful termination, with all associated benefits and seniority.

C.   Reasonable attorneys' fees and costs incurred in bringing this action pursuant to 41 U.S.C. § 4712.

D.   Pre-judgment and post-judgment interest as allowed by law.

E.   Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Evan J. Edler*
Ronald T. Shinn, Jr., OBA #19569
Evan J. Edler, OBA #34269
HB Law Partners, PLLC
4217 28th Ave. NW, Suite 101
Norman, OK 73069
(405) 561-2410
(405) 563-9085 (fax)
ron@hblawpartners.com
evan@hblawpartners.com
***Attorneys for Plaintiff***

**ATTORNEY'S LIEN CLAIMED**